**HONDO'S TRUCK STOP CAFE, INC., Appellant,**

v.

**A. Jean CLEMMONS, Appellee.**

**No. 13–86–082–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Tim Tynan, San Antonio, for appellant.

Henry Ridgeway, San Antonio, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

The sole issue presented in this appeal is whether exemplary damages should be reduced in proportion to the percentage of negligence attributed to the plaintiff. Based on a jury finding that the plaintiff, A. Jean Clemmons, was 40% negligent, the trial court reduced the actual damages, but not the exemplary damages, by that amount. We agree that the trial court was correct and affirm.

Under the comparative negligence statute in effect at the time of trial, TEX.REV. CIV.STAT.ANN. art. 2212a,[1] "any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person or party recovering." The two courts of appeals which have squarely confronted the issue have held that exemplary damages should not be reduced by the amount of the plaintiff's contributory negligence. *Olin Corp. v. Dyson,* 709 S.W.2d 251, 253–54 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Anderson v. Trent,* 685 S.W.2d 712, 714 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Both of these opinions rested their holdings on the fact that the purpose of exemplary damages is more to punish the grossly negligent defendant in the interest of public policy than it is to compensate the individual plaintiff. *See Hofer v. Lavender,* 679 S.W.2d 470, 474 (Tex.1984); *Bernal v. Seitt,* 158 Tex. 521, 313 S.W.2d 520, 523 (1958). Both opinions also recognize that gross negligence is

---

1. Act of April 9, 1973, ch. 28, 1973 Tex. Gen. Laws 41, *repealed by* Act of June 16, 1985, ch. 959, § 9(1), 1985 Tex. Sess. Law Serv. 7043, 7218 (now codified as TEX. CIV. PRAC. & REMS CODE ANN. §§ 33.001–33.017) (Vernon 1986).

different in nature from ordinary negligence. *Cf. Tatum v. Preston Carter Co.,* 702 S.W.2d 186 (Tex.1986). More recently, *Houston Lighting & Power Co. v. Reynolds,* 712 S.W.2d 761 (Tex.App.—Houston [lst. Dist.], 1986, writ requested), followed the *Anderson* case in holding, "Article 2212a does not require that the exemplary damages award be reduced by reason of the contributory negligence of the plaintiff."

Appellant makes three arguments in support of its position. First appellant contends that the phrase "any damages" in the statute means *all* damages are to be diminished according to the plaintiff's negligence. Second, appellant points out that, before the statute became effective in 1973, a finding that the plaintiff was contributorily negligent barred recovery of both compensatory and exemplary damages. *See Cypress Creek Utility Service Co. v. Muller,* 640 S.W.2d 860, 865 (Tex.1982); *Schiller v. Rice,* 151 Tex. 116, 246 S.W.2d 607, 615 (1952). Third, appellant cites *Pedernales Electric Cooperative, Inc. v. Schulz,* 583 S.W.2d 882, 885 (Tex.Civ.App. —Waco 1979, writ ref'd n.r.e.), as recognizing that the statute called for a proportionate reduction of both compensatory and exemplary damages. However, the statement in *Pedernales* was dictum. As to appellant's second argument, the common law rule of *Schiller,* making contributory negligence an absolute bar to recovery, is inapplicable to an analysis of the "radical" changes in tort law effected by article 2212a. *See Cypress Creek,* 640 S.W.2d at 864. Finally, the language of the statute, stating that "any damages allowed" are to be reduced, can be as easily read, "damages, if any are allowed," as it can be read, "all damages allowed."

We agree with the reasoning of our fellow courts of appeals, as well as with the holdings of courts of other states,[2] that exemplary damages are not reduced by reason of the comparison of the parties' negligence.

The judgment of the trial court is affirmed.

**2.** The following opinions have held that, under the applicable state comparative negligence statute, punitive damages are not reduced by the amount of the plaintiff's contributory negligence: *Amoco Pipeline Co. v. Montgomery,* 487 F.Supp. 1268, 1273 (W.D.Okla.1980); *Tampa Electric Co. v. Stone & Webster Engineering Corp.,* 367 F.Supp. 27, 38 (M.D.Fla.1973); *Bowman v. Doherty,* 235 Kan. 870, 686 P.2d 112, 122 (1984); *Shahrokhfar v. State Farm Mutual Automobile Insurance Co.,* 634 P.2d 653, 659 (Mont.1981); *Comeau v. Lucas,* 90 A.D.2d 674, 455 N.Y.S.2d 871, 873 (N.Y.1982); *Danculovich v. Brown,* 593 P.2d 187, 194 (Wyo.1979). *See also Ruiz v. Southern Pacific Transportation Co.,* 97 N.M. 194, 638 P.2d 406, 413 (1981); *Wangen v. Ford Motor Co.,* 97 Wis.2d 260, 294 N.W.2d 437, 444–47 (1980).