Larry HYLANDER and Shirley Sullivan Uthoff, Appellants,

v.

GROENDYKE TRANSPORT, INC., and James Bernie Estep, Appellees.

No. 13–86–272–CV.

Court of Appeals of Texas, Corpus Christi.

April 30, 1987.

Rehearing Denied May 28, 1987.

---

J. Norman Thomas, Harris, Cook & Browning, Corpus Christi, for appellants.

Lev Hunt, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellees.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

This is a personal injury case which, on appeal, involves only questions concerning the failure of the trial court to submit special issues on gross negligence and exemplary damages. Larry Hylander, as temporary administrator of the estate of Eddie Baggett and Shirley Uthoff, individually, and as administrator of the estate of Edward Sullivan and as next friend of her minor child, Shirley Baggett, sued Groendyke Transport, Inc. and James Estep for personal injuries sustained in an automobile collision which killed Eddie Baggett and Edward Sullivan.

At the conclusion of a jury trial, the trial court refused to submit requested special issues on gross negligence and exemplary damages. Based on answers to the special issues, a take-nothing judgment was rendered against Shirley Uthoff, individually and as administratrix of the estate of Edward Sullivan. This portion of the judgment was predicated on the finding by the jury that Edward Sullivan was 60% negli-

gent. After an offset for a prior settlement, the trial court awarded a judgment for $11,758.03 to Larry Hylander, temporary administrator of the estate of Eddie Baggett.

At the time of the events in question, James Estep was driving an eighteen-wheel-tanker rig, weighing in excess of eighty thousand pounds, northbound on Interstate 45 between Houston and Buffalo, Texas. Sometime before 4:00 a.m., Estep suffered a blowout on one of his rear tires. Upon perceiving this blowout, Estep elected to reduce his speed and continue driving in the right hand lane towards the town of Buffalo, where he believed he could obtain assistance in replacing the blown tire. At approximately 4:00 a.m., his vehicle was struck violently from the rear by another eighteen wheel tractor-trailer unit being driven by Edward Sullivan and in which Eddie Baggett was a passenger. The force of the collision knocked the two vehicles some three hundred and forty feet down the highway where they came to rest. Both Eddie Baggett and Edward Sullivan died as a result of the collision. Appellants brought suit for actual and punitive damages.

■ Tex.R.Civ.P. 279 governs the submission of special issues. The rule requires attorneys to submit, in substantially correct form, those special issues which they believe are necessary for the jury to answer. If these issues are controlling issues, properly supported by the pleadings and evidence, it is the duty of the trial court to submit them to the jury. A trial court must submit a relevant special issue if there is any evidence to support it. *Brown v. Goldstein*, 685 S.W.2d 640 (Tex. 1985); *Mader v. Aetna Casualty and Surety Co.*, 683 S.W.2d 731 (Tex.App.—Corpus Christi 1984, no writ); *Vela v. Eberts Mobile Homes, Inc.*, 630 S.W.2d 434 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); *see Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

■ The standard for determining whether or not there was any evidence and, therefore whether or not a special issue should have been submitted on gross negligence, is whether there is any evidence of "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (Tex.1981); *see Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 593 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Generally, in order to recover exemplary damages, the plaintiff must show that the offending party acted intentionally or willfully, or with such a degree of gross negligence which approximated a fixed purpose to bring about the injury of which the plaintiff complains. *Diesel Injection Sales and Service, Inc. v. Renfro*, 656 S.W.2d 568 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e).

■ "What lifts ordinary negligence into gross negligence is the mental attitude of the defendant; that is what justifies the penal nature of the imposition of exemplary damages. The plaintiff must show that the defendant was consciously, i.e., knowingly indifferent to his rights, welfare and safety. Such conduct could be active or passive in nature." *Ford Motor Co. v. Nowak*, 638 S.W.2d at 593. The defendant's state of mind distinguishes gross negligence from negligence. A state of mind may be inferred from the defendant's actions. *Williams v. Steves Industries, Inc.*, 699 S.W.2d 570 (Tex.1985). In *Williams*, the Court described the test for gross negligence as both objective and subjective. A plaintiff may prove gross negligence by proving that a defendant had actual subjective knowledge that his conduct created an extreme degree of risk. A plaintiff may objectively prove a defendant's gross negligence by proving that, under the surrounding circumstances, a reasonable person would have realized that his conduct created an extreme degree of risk to the safety of others. Conscious indifference denotes a decision, in the face of an impending harm to another party, not to care about the consequences of the act which may ultimately lead to that harm.

In determining whether there is some evidence of gross negligence, we must look to all of the surrounding facts, circumstances and conditions, not just individual elements or facts. *Burk Royalty Co. v. Walls*, 616 S.W.2d at 922. The existence of gross negligence need not rest upon a single act or omission but may result from a combination of negligent acts or omissions, and many circumstances and elements may be considered in determining whether an act constitutes gross negligence. *Id.* Evidence that the appellant exercised some care does not preclude this Court's finding some evidence to support the submission of an issue on gross negligence. *Id.*

The defendant in this case, Groendyke Transport, Inc. is, as the name implies, a corporation. The principles applicable to recovery of exemplary damages from a corporation are different than those applicable to an individual. In order to impose exemplary damages on a corporation for the acts of its agent, there must be evidence that the agent was employed in a managerial capacity, or that the agent was unfit and the principal or managerial agent was reckless in employing or retaining him, or that the agent was performing an act authorized by the principal or managerial agent, or the principal ratified or approved the act of the agent. *Missouri Pacific R.R. Co. v. Dawson*, 662 S.W.2d 740 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.).

Appellee, James Estep, testified that after he perceived that he had a flat tire, he reduced his speed to approximately thirty miles an hour and continued to drive down the highway. He stated he made a conscious decision not to pull over to the shoulder and stop his vehicle. He stated he considered it safer to continue driving rather than to pull off the road. Bill Knight, Groendyke's vice-president in charge of safety and personnel, testified that Groendyke had a general safety policy for its drivers, but had no specific operating instructions concerning blowouts on expressways. Mr. Knight opined that Mr. Estep's decision to continue driving was appropriate under the circumstances.

Leonard Marshall, a former Fleet maintenance manager for the H.E.B. grocery chain, testified for the appellants. He testified that considering the damage to appellee's truck tires caused by the blowout, it was unsafe for the vehicle to continue operating on the highway. He further opined that, based on his knowledge of industry customs and his work with H.E.B., that the Groendyke truck was disabled and the driver should have assumed a parked position out of the lane of traffic and put out appropriate warning devices.

While appellants offered sufficient evidence to establish that appellees' driver was negligent, we find no evidence of gross negligence on the part of appellee. We find no evidence of any act by the driver or Groendyke which constituted such a conscious disregard of the rights of the appellants that it constituted any evidence of gross negligence. There being no evidence of gross negligence, the trial court was correct in refusing to submit appellants' requested special issue.

The judgment of the trial court is AFFIRMED.