Emilia P. TREVINO, et al., Appellants,

v.

LIGHTNING LAYDOWN, INC., et al., Appellees.

No. 3-88-085-CV.

Court of Appeals of Texas, Austin.

Jan. 10, 1990.

Rehearing Denied Feb. 7, 1990.

Bob Roberts, Law Offices of Bob Roberts, Austin, for appellants.

Marc O. Knisely, McGinnis, Lochridge & Kilgore, Austin, for appellees.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This wrongful death and survival action arose from a collision in which a trailer suddenly detached from a truck and struck Jose Trevino's automobile, killing him. All of the defendants except appellee International Bank of Commerce settled before trial. The jury found that appellee's negligence proximately caused the accident and accounted for five percent of the fault causing the occurrence. The jury further found that appellee acted with conscious indifference, but declined to award exemplary damages. The court awarded appellants five percent of their total damages determined in accordance with the jury findings. Appellants contend that the jury's finding included damages for appellee's gross negligence and thereby rendered appellee liable to pay the entire amount of damages it assessed. *See Service Lloyd's Ins. Co. v. Greenhalgh*, 771 S.W.2d 688 (Tex.App.1989, writ granted). We will affirm the judgment of the trial court.

Appellants brought suit against trailer owner Lightning Laydown, Inc., manufacturer Garber Industries/South Texas Tong, Inc., driver David Riley, and International Bank of Commerce (hereinafter referred to as IBC), alleging that the defendants had improperly manufactured the trailer, improperly hitched the trailer to the truck, or permitted a defective product to enter the stream of commerce. Appellee IBC was joined as a defendant based on the allegation that it had obtained a security interest in both the trailer and machinery, and that it repossessed and resold the defective trailer and machinery under a lease-purchase agreement. Shortly before trial, all of the defendants except IBC entered into a "Mary Carter" settlement agreement.

The jury found that the negligence of the three settling defendants as well as IBC proximately caused the accident, that IBC was five percent at fault, and that the settling defendants were ninety-five percent at fault. The jury assessed actual compensatory damages totaling $2,206,-000. By its answer to question three, the jury also found that "the conduct of [IBC] constitute[d] such an entire want of care as to indicate that the acts or omissions in question were the result of conscious indifference to the rights, welfare, or safety of the persons affected by it." However, when asked what amount of money should be awarded to appellants as exemplary damages, conditioned upon an affirmative answer to question three, the jury answer-

ed "none." Appellants do not challenge the jury's failure to award exemplary damages. The trial court rendered judgment against IBC for five percent of the actual damages, a total of $110,300, plus pre-judgment and post-judgment interest.

■ Appellants argue that the trial court erred by failing to render judgment against IBC for the entire amount of damages found by the jury. They complain that the trial court improperly compared IBC's gross negligence with that of the settling defendants' ordinary negligence. They also argue that there is no statutory or common law basis on which to reduce appellee's liability and thus reduce their recovery. Appellants' argument apparently assumes that the jury's award included actual damages for all defendants' negligence and actual damages for appellee's gross negligence. *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 745 (Tex.1986).

Appellants argue that "conscious indifference" is not negligence but instead is a separate and distinct cause of action, at least within the meaning of *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984). They contend that, as a result, the comparative negligence statute then in effect, Tex.Rev.Civ.Stat.Ann. art. 2212a (1973)[1], did not apply and, therefore, their recovery should not have been reduced. If article 2212a applied, their recovery was correctly determined.

Article 2212a, and its successor statute, provided for comparative contribution among joint tortfeasors in negligence cases according to their respective percentage of fault. *Duncan*, 665 S.W.2d at 423. As *Duncan* notes, this statutory scheme referred only to negligence actions and not to other actions such as strict liability. Appellants argue that, therefore, article 2212a cannot apply to recovery based upon liability for gross negligence and should not

apply, even when all defendants are guilty of ordinary negligence, so long as there is a finding against one of them of gross negligence.

*Duncan* recognized that article 2212a controlled actions based upon negligence. In addition, *Duncan* also established a common law scheme for apportioning liability and allocating losses in products cases in which at least one defendant is found liable on a theory other than negligence. By this comparative causation system, the trier of fact compared the harm caused by the defendant's defective product with the harm caused by the negligence of the other defendants, any settling tortfeasors, and the plaintiff, apportioning responsibility among all whose action or products combined to cause the entirety of the plaintiff's injuries. *Duncan*, 665 S.W.2d at 427–8. In multiple defendant cases in which at least one tortfeasor settles with the plaintiff, *Duncan* held that the non-settling defendant's liability and the plaintiff's recovery shall be reduced by the percentage of causation allocated to the settling tortfeasor by the trier of fact, *Id.* at 429, rather than on a pro rata basis as earlier cases had held. *See Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764 (Tex. 1964). The Court held that its judicially created plan applied to instances previously thought to be controlled by statute, such as when one tortfeasor was strictly liable. *See General Motors Corp. v. Simmons*, 558 S.W.2d 855 (Tex.1977). The *Duncan* opinion states that "[t]he term 'tortfeasor' includes those whose liability is based on strict products liability, breach of warranty, and negligence." *Duncan*, 665 S.W.2d at 430. Although appellants claim that gross negligence is a theory of liability separate from negligence, they nevertheless deny that their action is governed by the pure comparative causation scheme set forth in *Duncan*, under which appellants' recovery would be the same as that rendered in their favor. Because, as they

---

**1.** Article 2212a was the applicable law at the time of trial. The section has subsequently been repealed, and replaced by Texas Civ.Prac.

& Rem.Code §§ 33.001–33.017 (1986 & Supp. 1989).

assert, a defendant found liable on a theory of conscious indifference (gross negligence)[2] is not expressly a "tortfeasor" under *Duncan,* they argue the settlement did not limit their recovery to the five percent causation attributed to appellee. Instead, argue appellants, IBC is jointly and severally liable for an action under another theory of liability (gross negligence as opposed to negligence), *Duncan,* 665 S.W.2d at 429, but is liable for the entire amount of compensatory damages found by the jury. Appellants concede that no Texas case so holds. We do not read *Duncan*'s use of the term "tortfeasor" in the limited sense appellants suggest. The Court clearly was including those who were found to have caused the plaintiff's injury from any basis other than, or in addition to, negligence.

We reject appellants' arguments. Their position in part depends upon characterizing "gross negligence" as a theory other than negligence. The leading Supreme Court case on gross negligence is *Burk Royalty Co. v. Walls,* 616 S.W.2d 911 (Tex. 1981). There, a worker's compensation claimant sued his employer for exemplary damages, claiming that the employer had been grossly negligent. After thoroughly reviewing the applicable cases, the Court held that

> [g]ross negligence, to be the ground for exemplary damages, should be that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it.

*Burk Royalty,* 616 S.W.2d at 920.

■ Although we agree that gross negligence refers to a different character of conduct, one's conduct cannot be grossly negligent without being negligent. In one instance, the actor fails to use ordinary care; in the other, he consciously commits the act or omission with an entire want of care. Gross negligence is established by evidence of the actor's mental state. *Dyson v. Olin Corp.,* 692 S.W.2d 456, 458 (Tex.1985). As *Burk Royalty* recognized, gross negligence may result from a combination of negligent acts or omissions. *Burk Royalty,* 616 S.W.2d at 922. The defendant's mental attitude elevates ordinary negligence to the level of gross negligence and justifies the penal nature of imposition of exemplary damages. *Burk Royalty,* 616 S.W.2d at 922; *Lawrence v. TD Industries,* 730 S.W.2d 843, 845 (Tex. App.1987, writ ref'd n.r.e.).

Gross negligence may be shown by evidence that an actor made a decision, in the face of an impending harm to another party, without care about the consequences of an act that may lead to that harm. *Williams v. Steves Industries, Inc.,* 699 S.W.2d 570, 573 (Tex.1985). No exact line can be drawn between negligence and gross negligence. *Williams,* 699 S.W.2d at 573. The difference between these two forms of negligence is one of degree rather than kind.

■ Thus, negligence that proximately causes actual damage to the plaintiff justifies the award of actual damages. When the actor is indifferent to his negligent act or omission in the face of an extreme degree of risk that a reasonable person would perceive, that negligence is gross negligence and supports the award of exemplary damages in addition to the actual damage award. *Hylander v. Groendyke Transport, Inc.,* 732 S.W.2d 692, 694 (Tex. App.1987, writ ref'd n.r.e.); *See Dyson,* 692 S.W.2d at 458 (focus is on the mental attitude of the person charged and whether acts or omissions by that person display a conscious and deliberate disregard for the interest or safety of others). Where the

---

**2.** The parties use the terms "conscious indifference" and "gross negligence" interchangeably in their briefs. We do not decide that the two terms are synonymous. However, because the parties plainly use the phrase to refer to the "conscious indifference" jury question, which correctly sets forth the gross negligence standard, we assume that the parties mean to speak of gross negligence.

pleadings and evidence authorize an actual damage award, they may be awarded whether the actor was negligent or grossly negligent. A determination of gross negligence is relevant only to the assessment of exemplary damages, which this jury declined to award. Thus, the Dallas Court of Appeals has held that, within the meaning of *Duncan*, gross negligence is not a theory of liability other than negligence. *Jannette v. Deprez*, 701 S.W.2d 56, 60 (Tex. App.1985, writ ref'd n.r.e.).

Here, the jury was to determine whose negligence was a proximate cause of the incident, the percentage of each one's fault, and whether appellee's conduct was committed with conscious indifference. The jury was asked how much money would compensate appellants for their losses, and what amount of exemplary damages should be awarded to punish appellee's grossly negligent conduct. Although the jury found that no exemplary damages should be assessed against appellee, and that appellee was only five percent at fault for the occurrence, appellants would now have this Court assess the entire amount of actual damages against appellee. We decline to reach this conclusion.

Appellants cite cases where courts have refused to reduce an exemplary damage award by the percentage of a plaintiff's contributory negligence. *See Elbar, Inc. v. Claussen*, 774 S.W.2d 45 (Tex.App.1989, writ requested); *Otis Elevator Co. v. Joseph*, 749 S.W.2d 920 (Tex.App.1988, no writ); *Hondo's Truck Stop Cafe, Inc. v. Clemmons*, 716 S.W.2d 725 (Tex.App.1986, no writ); *Anderson v. Trent*, 685 S.W.2d 712 (Tex.App.1984, writ ref'd n.r.e.). They argue that these courts have refused to compare gross negligence with ordinary negligence because the two are separate causes of action too disparate to compare. In all four cases, however, the courts refused to compare *plaintiff's negligence* with *defendant's gross negligence* in order to reduce an *exemplary* damage award. *See also Olin Corp. v. Dyson*, 709 S.W.2d 251 (Tex.App.1986, no writ). The courts

reasoned that the purpose of such damages is to punish the defendant and set an example for others, not to compensate the plaintiff. *Joseph*, 749 S.W.2d at 922; *Anderson*, 685 S.W.2d at 714. However, courts have held that it is permissible in some instances to compare *plaintiff's negligence* with *defendant's negligence* to reduce an *actual* damage award, even where the jury has found that the defendant also was grossly negligent. *Jannette*, 701 S.W.2d at 59. *See Dyson*, 709 S.W.2d at 252. Here, no fault was attributable to appellants, so it could not have been improperly compared. No exemplary damages were awarded by the jury for appellee's gross negligence, so the exemplary damages could not have been improperly reduced. Even under appellants' position, the jury's award could only represent actual compensatory damages for all defendants' negligence and for appellee's gross negligence, assuming it is a separate cause of action as suggested. We are cited to no reason why the liability of the various responsible parties could not be compared under these circumstances.

Appellants also cite *Olin Corp. v. Dyson*, 678 S.W.2d 650 (Tex.App.1984), rev'd, 692 S.W.2d 456 (Tex.1985), as authority for the proposition that gross negligence and ordinary negligence are two different causes of action. There, the court of appeals held that the evidence was factually insufficient to support an exemplary damages award. Stating that gross negligence is a different cause of action than negligence, it remanded only the exemplary damage issue for a new trial. *Dyson*, 678 S.W.2d at 659. We agree that gross negligence may be tried and determined separately from negligence, as in actions brought under the worker's compensation statute for exemplary damages. Tex.Rev. Civ.Stat.Ann. art. 8306 § 5 (1967). It also may be a separable issue which properly may be determined upon limited remand of a proceeding without unfairness to the parties, as held by the court of appeals in *Dyson*, 678 S.W.2d at 659. *See Young v.*

*Hicks,* 559 S.W.2d 343 (Tex.1977). (In *Dyson* the Supreme Court did not address this matter in its reversal.) However, we do not agree that gross negligence is a separate and independent cause of action in the sense proposed by appellants or that the jury's finding of gross negligence rendered the damages awarded improper.

We hold that the proceeding was governed by article 2212a, and that it was proper for the trial court to compare the negligence of all those liable and to reduce the compensatory damage award in accordance with the comparative negligence finding. *See also Duncan,* 665 S.W.2d at 430. We further conclude that gross negligence is not a "theory other than negligence" within the meaning of *Duncan.* Even assuming appellants are correct that conscious indifference is an independent action other than negligence, assuming the jury's assessment included damages for both, and assuming that 2212a did not apply, we hold that appellants' recovery would be determined by pure comparative causation and the result reached would be the same in light of *Duncan.* We overrule appellants' points of error and affirm the judgment of the trial court.