TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00287-CV







Cirilo Mondragon, Appellant


v.


Morris Austin, Appellee





FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. 224,824, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING






 Because appellant Cirilo Mondragon damaged appellee Morris Austin's car, the trial court
awarded Austin $10,772.70 for the loss of use of his vehicle, plus prejudgment interest and costs. 
Mondragon appeals, contending first that the trial court applied the wrong legal principles in determining
damages and second that the judgment is not supported by sufficient evidence. We will affirm the trial
court's judgment.


BACKGROUND

 In August 1993, Austin's daughter was driving Austin's car when Mondragon collided with
it. Mondragon was subsequently convicted of driving while intoxicated. See Tex. Penal Code Ann. §
49.04 (West 1994). Austin did not obtain an estimate of the damage to the car until September 1994, over
a year later. 

 In March 1995, Austin sued Mondragon for the cost of repairing the car, the lost value of
his use of the car, and exemplary damages. The parties stipulated that (1) the collision was Mondragon's
fault, (2) the fair market value of the car at the time of the collision was $3,400, (3) the cost of repairing
the car was $2,752.70, and (4) the daily rental value for a replacement car was $20. The parties tried the
cause before a judge on January 18, 1996. As of the date of trial, Austin had not repaired the car because,
according to Austin, he did not have the money to do so. After the case was submitted, the judge wrote
a letter to the parties in which she opined that the car was not a total loss, and that Austin was therefore
entitled to recover for loss of use of the car. According to the letter, the judge determined Austin suffered
$8,020 in damages by losing the use of the car between the date of the accident and September 20, 1994,
two weeks after the repair estimate was obtained. The judge then rendered judgment for Austin in the
amount of $10,772.70, plus $1,716.43 in prejudgment interest, plus costs. Mondragon did not request
findings of fact and conclusions of law. Mondragon appeals from the judgment in two points of error.


DISCUSSION

 In his first point of error, Mondragon focuses on the trial court's letter to the parties, which
he contends reveals the basis of the court's ruling in the final judgment. Mondragon characterizes the letter
as "findings of fact and conclusions of law." See Tex. R. Civ. P. 296-299a. Based on the content of the
letter, Mondragon argues the trial court committed an error of law in calculating the $10,772.70 damage
award. Specifically, he faults the trial court for calculating loss of use damages over the unusually long
period of time between the collision and the date of the repair estimate in this case, rather than an
objectively "reasonable" period of time.

 Austin responds by arguing the trial court's letter cannot constitute findings of fact and
conclusions of law. We agree. See Cherokee Water Co. v. Gregg County Appraisal Dist., 801
S.W.2d 872, 878 (Tex. 1990). Because no findings of fact and conclusions of law were requested or filed,
we may uphold the judgment on any theory of law applicable to the case. See Davis v. Huey, 571 S.W.2d
859, 862 (Tex. 1978). We are not confined to the method of calculation suggested in the trial court's
letter. We must decide, therefore, whether any theory of law supports the trial court's award of
$10,772.70.

 The judgment can be upheld in part on the theory that Austin is entitled to the cost of
repairing his vehicle. In Texas, a person whose vehicle has been damaged but not destroyed as a result
of a tort may recover, among other things, the cost of repairs necessary to restore the vehicle to its pre-accident condition. See Pasadena State Bank v. Isaac, 228 S.W.2d 127, 129 (Tex. 1950); Hanna v.
Lott, 888 S.W.2d 132, 139 (Tex. App.--Tyler 1994, no writ). Because the stipulated cost of repairs
was less than the fair market value of the car, the trial court could reasonably have concluded that the car
was not a total loss. The court could then reasonably have concluded that Austin was entitled to the
stipulated cost of repairs, $2,752.70.

 The rest of the award can be upheld on the theory that Austin was entitled to $8,020 in
exemplary damages. (1) We may uphold an award of exemplary damages based on a finding that the
defendant committed gross negligence and that the plaintiff suffered actual damages as a result of the
defendant's actions. See Federal Express Corp. v. Dutschmann, 846 S.W.2d 282, 284 (Tex. 1993);
Estate of Clifton v. Southern Pac. Transp. Co., 709 S.W.2d 636, 639 (Tex. 1986). A defendant acts
with gross negligence if he knows his actions put another person at peril but his actions demonstrate he does
not care. See Burk Royalty Co. v. Walls, 616 S.W.2d 911, 920 (Tex. 1981); Trevino v. Lightning
Laydown, Inc., 782 S.W.2d 946, 949 (Tex. App.--Austin 1990, writ denied). A letter admitted in
evidence details the circumstances of the collision. (2) According to the letter, Mondragon was intoxicated
and driving down a street in reverse when he collided with Austin's car. Mondragon was later convicted
for driving while intoxicated on the date of the collision. We hold the trial court could reasonably have
concluded that Mondragon's actions evidenced the type of indifference to extreme risk that supports an
award of exemplary damages. See Higginbotham v. O'Keefe, 340 S.W.2d 350, 359 (Tex. Civ.
App.--Amarillo 1960, writ ref'd n.r.e.). We also conclude the amount of the award, $8,020, is sufficiently
connected to the amount of the actual injury, $2,752.70. See Wright v. Gifford-Hill & Co., Inc., 725
S.W.2d 712, 714 (Tex. 1987). Because the judgment can be upheld without a finding that Austin suffered
loss of use of his vehicle, we need not address Mondragon's argument under his first point of error. 
Accordingly, we overrule point of error one.

 In his second point of error, Mondragon argues the evidence is both legally and factually
insufficient to support the trial court's award of $10,772.70 in damages. In reviewing the legal sufficiency
of the evidence, we consider only the evidence and inferences that tend to support the finding and disregard
all evidence and inferences to the contrary. See Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995). We will uphold the finding if more than a scintilla of evidence supports it. Id. In reviewing
the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the finding only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986). The evidence detailed above constitutes more than a scintilla
of evidence in support of the trial court's judgment. Because Mondragon offered no evidence that the cost
of repairing the car was less than $2,752.70 or that he did not commit gross negligence by driving
backwards down a street while intoxicated, the award is not so against the weight of the evidence as to be
clearly wrong or unjust. For these reasons, we overrule Mondragon's second point of error.


CONCLUSION

 Having overruled Mondragon's points of error, we affirm the judgment of the trial court. 




 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: May 22, 1997

Do Not Publish

1. Mondragon argues that Austin abandoned his claim for exemplary damages at trial. At the
beginning of trial, the following exchange occurred between the court and Austin's counsel:


Counsel: [a]lthough I have pled for punitive damages, I'm not going to push those in this trial
today. We have reached other agreements dealing with the gross negligence
aspect of this case. Specifically, Mr. Mondragon has stipulated that he was
negligent, and his negligence was the sole proximate cause of the damages incurred
by Mr. Austin, and those are only property damages. There was no one hurt in
the accident. 


Court: So the only issue before the Court is the property damage issue?


Counsel: Yes, Your Honor, the property damages and the ancillary issue dealing with the
property damage, the cost to repair the vehicle, which is in the stipulation, and the
loss of use of the vehicle . . . and I believe that's where the bulk of our argument
is going to be, is on the loss of use damages.


We do not interpret counsel's statements as abandoning the claim for exemplary damages. Austin's
counsel simply appears to have focused the court's attention on what he thought was going to be the most
hotly disputed issue, loss of use damages. His statement that he did not intend to "push" the exemplary
damages issue was not akin to waiving a right to recover some should the court decide to award them. 
Furthermore, there is no evidence of any agreement between the parties respecting the exemplary damages
claim.
2. Mondragon introduced the letter in evidence. Neither party objected to its being considered for
the purposes of determining the circumstances of the collision.


ty Co. v. Walls, 616 S.W.2d 911, 920 (Tex. 1981); Trevino v. Lightning
Laydown, Inc., 782 S.W.2d 946, 949 (Tex. App.--Austin 1990, writ denied). A letter admitted in
evidence details the circumstances of the collision. (2) According to the letter, Mondragon was intoxicated
and driving down a street in reverse when he collided with Austin's car. Mondragon was later convicted
for driving while intoxicated on the date of the collision. We hold the trial court could reasonably have
concluded that Mondragon's actions evidenced the type of indifference to extreme risk that supports an
award of exemplary damages. See Higginbotham v. O'Keefe, 340 S.W.2d 350, 359 (Tex. Civ.
App.--Amarillo 1960, writ ref'd n.r.e.). We also conclude the amount of the award, $8,020, is sufficiently
connected to the amount of the actual injury, $2,752.70. See Wright v. Gifford-Hill & Co., Inc., 725
S.W.2d 712, 714 (Tex. 1987). Because the judgment can be upheld without a finding that Austin suffered
loss of use of his vehicle, we need not address Mondragon's argument under his first point of error. 
Accordingly, we overrule point of error one.

 In his second point of error, Mondragon argues the evidence is both legally and factually
insufficient to support the trial court's award of $10,772.70 in damages. In reviewing the legal sufficiency
of the evidence, we consider only the evidence and inferences that tend to support the finding and disregard
all evidence and inferences to the contrary. See Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995). We will uphold the finding if more than a scintilla of evidence supports it. Id. In reviewing
the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the finding only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986). The evidence detailed above constitutes more than a scintilla
of evidence in support of the trial court's judgment. Because Mondragon offered no evidence that the cost
of repairing the car was less than $2,752.70 or that he did not commit gross negligence by driving
backwards down a street while intoxicated, the award is not so against the weight of the evidence as to be
clearly wrong or unjust. For these reasons, we overrule Mondragon's second point of error.


CONCLUSION

 Having overruled Mondragon's points of error, we affirm the judgment of the trial court. 




 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: May 22, 1997

Do Not Publish

1. Mondragon argues that Austin abandoned his claim for exemplary damages at trial. At the
beginning of trial, the following exchange occurred between the court and Austin's counsel:


Counsel: [a]lthough I have pled for punitive damages, I'm not going to push those in this trial
today. We have reached other agreements dealing with the gross negligence
aspect of this case. Specifically, Mr. Mondragon has stipulated that he was
negligent, and his negligence was the sole proximate cause of the damages incurred
by Mr. Austin,