ACCEPTED
04-14-00650-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/23/2015 4:16:46 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00650-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/23/2015 4:16:46 PM
KEITH E. HOTTLE
Clerk

**MICHAEL A. CERNY AND MYRA L. CERNY, INDIVIDUALLY AND
AS NEXT FRIENDS OF CAMERON A. CERNY, A MINOR**

**Appellants**

**vs.**

**MARATHON OIL CORPORATION, MARATHON OIL EF LLC, AND
PLAINS EXPLORATION & PRODUCTION COMPANY**

**Appellees**

ON APPEAL FROM THE 218TH JUDICIAL DISTRICT COURT OF
KARNES COUNTY, TEXAS, CAUSE NO. 13-05-00118-CVK
HONORABLE STELLA SAXON, JUDGE PRESIDING

**RESPONSE BRIEF OF
APPELLEE PLAINS EXPLORATION & PRODUCTION COMPANY**

James J. Ormiston
Michael A. Ackal, III
**GRAY REED & McGRAW, P.C.**
1300 Post Oak Blvd., Suite 2000
Houston, TX 77056
(713) 986-7000
(713) 986-7100 (Fax)

**ORAL ARGUMENT REQUESTED**

2485742.1

**TABLE OF CONTENTS**

Page

INDEX OF AUTHORITIES ........................................................................ iv

STATEMENT OF THE CASE ................................................................... viii

STATEMENT REGARDING ORAL ARGUMENT ................................. ix

ISSUES PRESENTED ............................................................................... x

STATEMENT OF FACTS ......................................................................... 1

SUMMARY OF THE ARGUMENT ......................................................... 3

ARGUMENT .............................................................................................. 5

I.  Because there is no evidence of hydrocarbon emissions from
    a PXP facility migrating to and impacting Plaintiffs and their
    property, the trial court properly granted PXP's motion for
    summary judgment ............................................................................ 5

    A.  No-evidence summary judgment standard of review ............. 5

    B.  As an initial matter, PXP's no-evidence motion for summary
        judgment properly raised the causation element of Plaintiffs'
        causes of action ....................................................................... 7

    C.  Plaintiffs failed to submit any competent evidence of
        causation .................................................................................. 8

        1.  There is no competent evidence that emissions from
            PXP's facilities migrated to Plaintiffs' property .......... 8

        2.  There is no competent evidence that emissions from
            PXP's facilities caused Plaintiffs' alleged injuries ....... 10

i

2485742.1

**TABLE OF CONTENTS CONT'D**

**Page**

II.   Plaintiffs did not submit competent summary judgment proof
      supporting the other elements of their claims against PXP ............... 11

      A.   Plaintiffs failed to submit evidence in support of the other
           elements of their private nuisance claim against PXP ............ 12

      B.   Plaintiffs did not submit legally sufficient evidence on their
           negligence claim against PXP. .................................................. 13

      C.   There is no evidence in the record supporting
           Plaintiffs' gross negligence claim against PXP ....................... 14

      D.   Plaintiffs have no evidence to support their claim for
           negligence *per se* against PXP .................................................. 16

III.  In addition, the trial court properly granted summary judgment
      in favor of PXP because, as a matter of law, the evidence
      conclusively established the lack of a causal nexus between any
      alleged act or omission by PXP and Plaintiffs' alleged
      injuries ........................................................................................................ 17

      A.   Traditional summary judgment standard of review ................ 18

      B.   Plaintiffs' retained experts conceded the lack of
           causation evidence as to PXP .................................................. 19

      C.   The unrebutted medical expert testimony confirmed the
           lack of causation .................................................................... 22

      D.   The evidence conclusively established the lack of a causal
           link between actual emissions from PXP's facilities and
           the Plaintiffs' alleged injuries ................................................ 23

IV.   The trial court properly sustained PXP's objections to certain
      purported summary judgment evidence submitted by Plaintiffs ....... 24

      A.   The standard of review ........................................................... 24

2485742.1

B.     Plaintiffs waived their arguments that the trial court erred by sustaining PXP's objections to Plaintiffs' summary judgment evidence ................................................................ 25

C.     The trial court properly sustained PXP's objections to Michael and Myra Cerny's affidavits .................................... 26

D.     The trial court properly sustained PXP's objections to the affidavit of Sharon Wilson ........................................... 28

E.     The trial court properly sustained PXP's objections to Plaintiffs' improper attempt to submit unsworn expert reports as summary judgment evidence .................................. 31

ADOPTION OF MARATHON'S BRIEF ....................................................... 33

PRAYER ............................................................................. 33

SIGNATURE .......................................................................... 33

CERTIFICATE OF COMPLIANCE .......................................................... 34

CERTIFICATE OF SERVICE .............................................................. 34

2485742.1

# INDEX OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Borg-Warner Corp. v. Flores,* 232 S.W.3d 765 (Tex. 2007) .................................11

*Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874 (Tex. App. – Dallas 1990,
 no writ) ...............................................................................................................26

*Crofton v. Amoco Chemical Co.*, No. 01-01-00526-CV, 2003 WL 21297588
 (Tex. App. – Houston 2003, pet. denied) ...........................................................9

*Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497
 (Tex. App. – Houston [14th Dist.] 2004, pet. denied) .......................................26

*Diamond Shamrock Ref. Co. v. Hall*, 168 S.W.3d 164 (Tex. 2005)................. 14, 15

*Dillard Dep't. Stores, Inc. v. Silva*, 148 S.W.3d 370 (Tex. 2004)...........................15

*E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995) .... 29, 30

*Easter v. Mutual of Omaha Ins. Co.*, 535 S.W.2d 700 (Tex. App. –
 El Paso 1976, no writ) .......................................................................................32

*Emmett Properties, Inc. v. Halliburton Energy Services, Inc.*, 167 S.W.3d 365
 (Tex. App. – Houston [14ᵗʰ Dist.] 2005, pet. denied)................................. passim

*Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007).......................................12

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598 (Tex. 2004) ................................6, 10

*Garner v. Long*, 106 S.W.3d 260 (Tex. App. – Fort Worth 2003, no pet.).............28

*Garza v. Levin*, 769 S.W.2d 644 (Tex. App. – Corpus Christi 1989,
 writ denied)........................................................................................................28

*Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970) ...............................19

*Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110
 (Tex. App. – Houston [14ᵗʰ Dist.] 2013, pet. denied)..........................................7

*Hess v. McLean Feedyard, Inc.*, 59 S.W.3d 679 (Tex. App. – Amarillo 2000, pet. denied)................................................................30

*In re Estate of Denman*, 362 S.W.3d 134 (Tex. App. – San Antonio 2011, no pet.).................................................................................25

*Inglish v. Prudential Ins. Co.*, 928 S.W.2d 702 (Tex. App. –Houston [1st Dist.] 1996, writ denied)..........................................................26

*ITT Commercial Fin. Corp. v. Riehn*, 796 S.W.2d 248 (Tex. App.—Dallas 1990, no writ)..............................................................29

*Jacoby v. Hinojosa*, No. 04-06-00507-CV, 2008 WL 80002 (Tex. App. – San Antonio 2008, no pet.) ...............................................19

*Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921 (Tex. App. – Dallas 2007, pet. denied) ...............................................................6, 7

*Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61 (Tex. 1983) .........................................6

*King Ranch, Inc. v. Chapman*, 111 S.W.3d 742 (Tex. 2003). ...............................5, 6

*Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470 (Tex. 1991).......................................18

*Llopa, Inc. v. Nagel*, 956 S.W.2d 82 (Tex. App. – San Antonio 1997, pet. denied) ....................................................................................32

*Loewe v. Commons at Willowbrook, Inc.*, No. 14-07-00265-CV, 2008 WL 5220295 (Tex. App. – Houston [14th Dist.] Dec. 11, 2008, no pet.)...................25

*Marin Real Estate Partners, LP v. Vogt*, 373 S.W.3d 57, 75 (Tex. App. – San Antonio 2011, no pet.)........................................................................24

*Martinez v. City of San Antonio*, 40 S.W.3d 587 (Tex. App. – San Antonio 2001, pet. denied) ...............................................................9, 31

*Merck & Co. v. Garza*, 347 S.W.3d 256 (Tex. 2011)..................................... 11, 27

*Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706 (Tex.1997) .......................30

2485742.1

*Metro Allied Ins. Agency, Inc. v. Lin*, 304 S.W.3d 830 (Tex. 2009) ........................11

*Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430 (Tex. App. –
Fort Worth 1997, pet denied) .................................................................................31

*Moore v. K Mart Corp.,* 981 SW.2d 266 (Tex. App. – San Antonio 1998, pet.
denied) ..............................................................................................................6, 7

*Park Place Hospital v. Estate of Milo*, 909 S.W.2d 508 (Tex. 1995) .....................18

*Perry v. S.N.,* 973 S.W.2d 301 (Tex. 1998) ............................................................17

*PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723 (Tex. App. –
San Antonio 2014, pet. filed) ..................................................................................25

*Purina Mills, Inc. v. Odell*, 948 S.W.2d 927 (Tex. App. –
Texarkana 1997, pet. denied) ..................................................................................30

*Reid v. Compass Group USA, Inc.,* 172 S.W.3d 203
(Tex. App. – El Paso 2005, no pet.) .........................................................................15

*Ronald Holland's A-Plus Transmission & Auto., Inc. v. E-Z Mart Stores, Inc.,*
184 S.W.3d 749 (Tex. App. – San Antonio 2005, no pet.) ......................................12

*Ryland Group, Inc. v. Hood*, 924 S.W.2d 120 (Tex. 1996) .....................................27

*Trevino v. Lighting Lay Down, Inc.*, 782 S.W.2d 946 (Tex. App. –
Austin 1990, no writ)...................................................................................... 14, 15

*Weiss v. Mechanical Associated Servs., Inc.*, 989 S.W.2d 120 (Tex. App. –
San Antonio 1999, pet. denied) ...............................................................................31

*Western Invs. v. Urena*, 162 S.W.3d 547 (Tex. 2005)...................................... 10, 13

*Z.A.O., Inc. v. Yarbrough Drive Ctr. Joint Venture,* 50 S.W.3d 531
(Tex. App. – El Paso 2001, no pet.) .........................................................................13

2485742.1

### Rules and Statutes

TEX. CIV. PRAC. & REM. CODE§ 41.001(2)......................................................16

TEX. CIV. PRAC. & REM. CODE § 41.003(b)............................................. 16

TEX. R. APP. P. 9.7................................................................................33

TEX. R. APP. P. 33.1..........................................................................7, 25

TEX. R. CIV. P. 166a(c)...........................................................................8

TEX. R. CIV. P. 166a(f)..........................................................................32

TEX. R. CIV. P. 166a(i) ............................................................................8

TEX. R. EVID. 701................................................................................29

TEX. R. EVID. 802................................................................................32

## STATEMENT OF THE CASE

*Nature of the Case:* Plaintiffs Michael A. Cerny and Myra L. Cerny, individually and as next friends of their minor son, Cameron ("Plaintiffs" or the "Cernys") filed suit against Marathon Oil Corporation, Marathon Oil EF LLC (collectively, "Marathon"), and Plains Exploration & Production Company ("PXP") complaining that emissions from defendants' oil and gas operations damaged their health and property. CR 173-75. The Cernys brought causes of action for nuisance, negligence, gross negligence, and negligence *per se*. *Id.* at 179-183. The defendants separately moved for no-evidence and traditional summary judgment. CR 187-323, 333-84. The defendants also filed separate motions to strike certain of the Plaintiffs' summary judgment evidence. CR 1032-46, 1072-76.

*Trial Court:* Hon. Stella H. Saxon, 218th Judicial District Court, Karnes County, Texas.

*Trial Court's Action:* Judge Saxon granted both summary judgment motions in their entirety. CR 1081-86. The trial court also sustained PXP's objections to certain summary judgment evidence submitted by Plaintiffs. CR 1080. In addition, the Court granted Marathon's motion striking portions of the Plaintiffs' evidence. CR 1078. The Cernys appealed the summary judgments granted in favor of Marathon and PXP. CR 1088.

2485742.1

## STATEMENT REGARDING ORAL ARGUMENT

The Court can dispose of the Cernys' appeal without oral argument. This is a straightforward summary judgment case, and none of the Cernys' arguments raises novel or complicated issues. Oral argument is not needed for this Court to analyze whether the limited evidence offered by the Cernys is sufficient to preclude summary judgment on their claims.

Of course, if the Court wishes to hear oral argument, PXP requests the opportunity to appear and present argument.

2485742.1

# ISSUES PRESENTED

1.      Whether the trial court erred in granting PXP's no-evidence and traditional motion for summary judgment, where the Cernys failed to present any competent evidence of hydrocarbon emissions from a PXP facility migrating to and impacting Plaintiffs and their property, and where the undisputed evidence conclusively established the lack of causation between any alleged act or omission by PXP and Plaintiffs' alleged injuries.

2.      Whether the trial court abused its discretion in sustaining PXP's objections to certain portions of the Cernys' summary judgment evidence, where the Cernys failed to respond to or object to the motion below, and where the stricken evidence was unreliable, unqualified, and/or hearsay.

2485742.1

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

Defendant-Appellee PXP submits this brief in support of the final summary judgment rendered in its favor by the district court. PXP requests the final summary judgment, which recites Plaintiffs-Appellants take nothing on their claims against PXP, be affirmed in all respects.

## STATEMENT OF FACTS

Plaintiffs-Appellants are Michael and Myra Cerny, husband and wife, and their teenage son, Cameron. In the trial court, Plaintiffs generally alleged that unspecified oil and gas operations within the "vicinity" of their home caused damage to their property and exacerbation of multiple, pre-existing health issues. CR 173-175, Plaintiffs' Fourth Amended Petition at 2-4.[1] The Cernys own the surface estate of a one-acre tract in Karnes County, Texas, along with "an older home sitting on a pier and beam foundation." CR 173. The Plaintiffs' house is adjacent to FM 99, a highway with a 75 mph speed limit. CR 172.

Plaintiffs sued two Marathon entities,[2] as well as PXP, and asserted causes of action for private nuisance, negligence, gross negligence, and negligence *per se*. CR 179-183. In their pleadings, Plaintiffs complained about the "numerous well

---

[1] Plaintiffs filed their fourth amended petition on June 13, 2014, well after the pleading deadline of February 14, 2014. CR 96-97, Docket Control Order dated November 15, 2013. Plaintiffs did not seek leave to file their fourth amended petition after the pleading deadline.

[2] Marathon Oil Corporation and Marathon Oil EF LLC.

1

sites and production facilities within a short distance" from their home, most of which are operated by Marathon. CR 174. Plaintiffs did not bring any claims relating to oil and gas wells operated by PXP. Rather, Plaintiffs' claims against PXP were limited to alleged emissions from a small drip station and two production facilities, **none of which are close to the Plaintiffs' house.** The PXP facilities at issue are:

- the Kotara-Ridley Drip Station (the "Drip Station") located approximately **1.46 miles** from Plaintiffs' home

- the Kotara-Ridley Central Production Facility (the "Kotara-Ridley CPF") located approximately **2.7 miles** from Plaintiffs' home

- the Love-Crews Central Production Facility (the "Love-Crews CPF") located approximately **4.1 miles** from Plaintiffs' home

CR 177-178.[3]

Plaintiffs designated three testifying experts: a toxicologist and two air modelers. As discussed in more detail below, each of these expert witnesses admitted to the lack of a causal link between actual emissions from PXP's facilities and the Plaintiffs' alleged injuries. In fact, neither of the air modeling experts were able to testify that *actual* emissions from PXP's three facilities, which are located

---

[3]   Plaintiffs' Original Petition, filed May 21, 2013, did not complain of any specific PXP wells or facilities. CR 5. Plaintiffs' First Amended Petition, filed January 17, 2014, identified one PXP well located approximately 2.01 miles from the Plaintiffs' house, and the Drip Station located approximately 1.46 miles from Plaintiffs' property. CR 107. Plaintiffs' Second and Third Amended Petitions deleted the prior references to the well and the Drip Station, and failed to identify any PXP wells or facilities about which Plaintiffs complain. CR 131-139 and 160-170.

2485742.1

1.46 miles, 2.7 miles, and 4.1 miles from the Cernys' home, encroached on the Plaintiffs' property.

The fatal flaw with Plaintiffs' claims against PXP, and the reason Judge Saxon granted summary judgment in favor of PXP, is the undisputed evidence established that emissions from PXP's facilities did not migrate to and impact Plaintiffs and their property. Accordingly, PXP's causation defense is based on the lack of any credible evidence that Plaintiffs were actually exposed to hydrocarbons emitted from PXP's facilities. Stated differently, without proof they were actually exposed to PXP's hydrocarbons, Plaintiffs cannot establish the causation element necessary for each of their causes of action.

## SUMMARY OF THE ARGUMENT

The record is devoid of any competent evidence causally linking Plaintiffs' alleged injuries with any acts or omissions of PXP. Plaintiffs failed to submit competent summary judgment evidence showing hydrocarbons were emitted from a PXP facility, migrated several miles to Plaintiffs' property, and were the proximate or producing cause of Plaintiffs' alleged injuries. The trial court properly granted summary judgment on these no-evidence grounds.

If there was such evidence, Plaintiffs would have specifically pointed it out to this Court. Instead, Plaintiffs generically cite to an appendix of alleged

3

"evidence" attached to their appellate brief, and then eschewed any analysis of the purported evidence in favor of arguments never raised in the trial court.

For the first time on appeal, Plaintiffs contend PXP's no-evidence motion for summary judgment was not sufficiently specific to allow Plaintiffs to respond, despite the fact Plaintiffs filed a voluminous response in the trial court. Further, PXP's motion listed each element for each cause of action alleged by Plaintiffs, and specifically stated those elements for which no evidence existed. But then oddly, after dedicating several pages of appellate briefing to this argument, Plaintiffs concede PXP's motion was indeed sufficiently specific regarding Plaintiffs' lack of causation evidence.

Further illuminating Plaintiffs' lack of evidence in support of causation is the deposition testimony of Plaintiffs' expert witnesses and the unrebutted affidavit of the only medical expert witness designated in this case. Plaintiffs' experts conceded there is no evidence that any actions or omissions by PXP caused Plaintiffs' alleged injuries. Additionally, Plaintiffs failed to rebut the testimony of a physician board certified in occupational medicine who opined Plaintiffs' injuries pre-existed defendants' oilfield activities and were not caused by such activities. Accordingly, as a matter of law, the undisputed evidence established the lack of causation for each of Plaintiffs' claims against PXP.

4

2485742.1

Plaintiffs also argue the trial court abused its discretion in granting PXP's motion to strike certain of Plaintiffs' summary judgment evidence. Plaintiffs, however, failed to respond to PXP's motion or otherwise contest PXP's motion in the trial court, thereby waiving the right to challenge the trial court's rulings on appeal. Regardless, the trial court properly struck the conclusory, speculative, self-serving lay witness opinion affidavits submitted by Plaintiffs in an ill-fated attempt to gin up some causation proof. Even if the affidavits had not been struck, they do not constitute competent evidence of causation.

Texas law prescribes exacting causation standards that are intended to separate the speculative from the probable. Here, Plaintiffs have not bridged the geographical, medical, and probative gulf with any competent evidence causally linking their alleged injuries to PXP's oilfield activities. As such, the Court should affirm the trial court's summary judgment in favor of PXP.

## ARGUMENT

**I. Because there is no evidence of hydrocarbon emissions from a PXP facility migrating to and impacting Plaintiffs and their property, the trial court properly granted PXP's motion for summary judgment.**

**A. No-evidence summary judgment standard of review**

When reviewing the granting of a no-evidence summary judgment, an appellate court applies the same legal sufficiency standard that is applied in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 111 S.W.3d 742, 750-

5

51 (Tex. 2003). The nonmovant in a no-evidence motion for summary judgment has the burden to raise a genuine issue of material fact by producing more than a scintilla of probative evidence. *Id.* at 751; *see also Moore v. K Mart Corp.,* 981 SW.2d 266, 269 (Tex. App. – San Antonio 1998, pet. denied). If the nonmovant fails to meet its burden, no-evidence summary judgment is proper. *See King Ranch, Inc.,* 118 S.W.3d at 751; *Moore*, 981 S.W.2d at 269.

Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch, Inc.,* 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983)); *Moore*, 981 S.W.2d at 269. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred,* 650 S.W.2d at 63; *accord Moore,* 981 S.W.2d at 269.

PXP agrees that when a trial court grants a combined no-evidence and traditional motion for summary judgment, the appellate court should first review the propriety of the summary judgment under the no-evidence standard of Rule 166a(i). *Kalyanaram v. Univ. of Tex. Sys.,* 230 S.W.3d 921, 925 (Tex. App. – Dallas 2007, pet. denied); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). If the nonmovant fails to meet its burden under the no-evidence summary judgment standard, there is no need to analyze the traditional summary judgment.

6

*See Ridgway*, 135 S.W.3d at 600, *Kalyanaram*, 230 S.W.3d at 925. Thus, PXP will first address Plaintiffs' failure to submit any competent evidence that hydrocarbons from a PXP facility encroached on Plaintiffs' property and caused their alleged injuries.

**B.     As an initial matter, PXP's no-evidence motion for summary judgment properly raised the causation element of Plaintiffs' causes of action.**

Initially, Plaintiffs raise an issue on appeal not raised in the trial court below. Plaintiffs argue PXP's grounds for summary judgment were not "sufficiently specific to even require a response," and PXP failed to "clearly stat[e] the grounds for [the] Traditional MSJ and the specific elements challenged for [the] NEMSJ." *See* Appellants' Brief, p. 8. However, "[w]hen a non-movant believes a motion for summary judgment is unclear, ambiguous, or lacks specificity, it must file special exceptions." *Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110, 123 (Tex. App. – Houston [14th Dist.] 2013, pet. denied). "That party must then obtain a ruling on the special exceptions to preserve the issue for appellate review." *Id*. (citing TEX. R. APP. P. 33.1). Not only did Plaintiffs fail to file special exceptions to PXP's motion for summary judgment and obtain a ruling, but Plaintiffs also did not raise this issue in any form whatsoever in the trial court. Accordingly, Plaintiffs did not preserve this argument for appellate review, and it has been waived. *Id*.; *see also*, TEX. R. APP. P. 33.1.

7

But even assuming Plaintiffs have preserved and not waived this argument, it is without merit. Plaintiffs cite only to the "Summary" contained on the first two pages (CR 334-35) of PXP's motion for summary judgment for the proposition that the grounds presented therein are not sufficiently specific. *See* Appellants' Brief, p. 10, fn. 7. Plaintiffs ignore pages 9 through 13 of PXP's motion, where PXP delineated each element of Plaintiffs' causes of action and stated with specificity the elements for which no evidence exists. *See* CR 342-46. PXP clearly and unambiguously satisfied the specificity requirements of Texas Rule of Civil Procedure 166a(c) and (i).

Moreover, Plaintiffs readily admit that "PXP['s] NEMSJ is sufficiently specific to require a response on the element of causation." *See* Appellants' Brief, p. 10; *see also*, p. 15 ("[T]he element of the Cernys' causes of action which the Marathon and PXP NEMSJ's adequately specify is causation of their damages."). PXP certainly agrees. But Plaintiffs wholly failed to produce competent summary judgment evidence raising a genuine issue of material fact on causation.

### C. Plaintiffs failed to submit any competent evidence of causation.

#### 1. There is no competent evidence that emissions from PXP's facilities migrated to Plaintiffs' property.

It is axiomatic that for each cause of action asserted against PXP, Plaintiffs were required to produce competent summary judgment evidence showing

8

hydrocarbons were emitted from a PXP facility, migrated onto Plaintiffs' property, and caused Plaintiffs' alleged injuries. *See Emmett Properties, Inc. v. Halliburton Energy Services, Inc.*, 167 S.W.3d 365, 373 (Tex. App. – Houston [14th Dist.] 2005, pet. denied) (affirming no-evidence summary judgment because "[plaintiff] was required [and failed] to show that halogenated hydrocarbons from the [defendant's] property migrated onto [plaintiff's] property and caused injury."); *see also, Martinez v. City of San Antonio*, 40 S.W.3d 587, 595 (Tex. App. – San Antonio 2001, pet. denied) (affirming no-evidence summary judgment because plaintiffs failed to submit competent summary judgment evidence showing alleged injuries from lead contamination were caused by lead emanating and disseminated in dust from the excavation of a former iron foundry during construction of the Alamodome); *Crofton v. Amoco Chemical Co.*, No. 01-01-00526-CV, 2003 WL 21297588 at * 5 (Tex. App. – Houston 2003, pet. denied) (affirming no-evidence summary judgment because plaintiffs offered no evidence that chemicals were emitted and migrated from superfund site to their property and caused injuries).

Plaintiffs have not produced any competent evidence to satisfy their burden. Specifically, Plaintiffs did not direct the trial court, and do not direct this Court, to any competent evidence that hydrocarbons were emitted from the Love-Crews CPF and migrated **4.1 miles** to Plaintiffs' home; that hydrocarbons were emitted from the Kotara-Ridley CPF and migrated **2.7 miles** to Plaintiffs' home; that

9

hydrocarbons were emitted from the Drip Station and migrated **1.46 miles** to Plaintiffs' home; or that any hydrocarbons were emitted from any PXP facility and migrated to Plaintiffs' property. "Causation cannot be established by mere speculation or conjecture, but must be established by evidence of probative value." *Emmett Properties*, 167 S.W.3d at 373. The record is devoid of any such competent evidence, including expert opinion testimony. As Plaintiffs do not have evidence they were exposed to PXP's hydrocarbons, the judgment in favor of PXP must be affirmed.

### 2. There is no competent evidence that emissions from PXP's facilities caused Plaintiffs' alleged injuries.

Not only did Plaintiffs fail to produce evidence that hydrocarbons emitted from a PXP facility actually migrated to their property, but Plaintiffs also failed to present competent evidence that PXP's hydrocarbons caused their alleged injuries.

Plaintiffs were required to prove PXP's hydrocarbons were the producing or proximate cause of their injuries. A producing cause is defined as "a substantial factor in bringing about an injury, and without which the injury would not have occurred." *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007). Similarly, proximate cause constitutes elements of (1) cause-in-fact, and (2) foreseeability. *Western Invs. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). The test for cause-in-fact under a proximate causation analysis is the same as the producing

10

cause analysis, *i.e.,* the defendant's act must be a substantial factor in bringing about the injury, and without which the harm would not have occurred. *Metro Allied Ins. Agency, Inc. v. Lin*, 304 S.W.3d 830, 835 (Tex. 2009).

The Texas Supreme Court recognizes that in a toxic tort case "substantial-factor causation, which separates the speculative from the probable, need not be reduced to mathematical precision," but the court also notes that at a minimum, "[d]efendant-specific evidence relating to the approximate dose to which the plaintiff was exposed, coupled with evidence that the dose was a substantial factor in causing the . . . disease, will suffice." *Borg-Warner Corp. v. Flores*, 232 S.W.3d 765, 773 (Tex. 2007). Here, Plaintiffs did not produce a shred of competent evidence – expert opinion or otherwise – showing that specific hydrocarbon emissions from a PXP facility were the producing or proximate cause of their injuries. *See e.g., Merck & Co. v. Garza*, 347 S.W.3d 256, 265-66 (Tex. 2011). There is simply no such evidence before this Court, and Plaintiffs point to none in their brief. Accordingly, affirmance of the judgment in favor of PXP is an easy call.

## II.     Plaintiffs did not submit competent summary judgment proof supporting the other elements of their claims against PXP.

Plaintiffs' failure to submit competent evidence in response to PXP's no-evidence motion for summary judgment is not limited to the causation element of

11

their various claims. Plaintiffs also failed to submit legally sufficient evidence in support of the other specific elements of their claims challenged in the trial court by PXP.

> **A.** **Plaintiffs failed to submit evidence in support of the other elements of their private nuisance claim against PXP.**

In addition to challenging causation (*see* Section I, *supra*), PXP also challenged the other elements of Plaintiffs' private nuisance claim. CR 342-43. In order for their private nuisance claim to be actionable, Plaintiffs must prove that PXP engaged in: "(1) intentional invasion of another's interest; (2) negligent invasion of another's interest; or (3) other conduct, culpable because abnormal and out of place in its surroundings, that invades another's interest." *Ronald Holland's A-Plus Transmission & Auto., Inc. v. E-Z Mart Stores, Inc.,* 184 S.W.3d 749, 758 (Tex. App. – San Antonio 2005, no pet.). The Cernys, however, failed to present sufficient evidence of any of these elements.

The Cernys expressly disclaim any reliance on an intentional nuisance theory. *See* Appellant's Brief, p. 20. Plaintiffs' negligent nuisance theory fails for the same reasons their negligence claims fail. *See* Sections I and II.B., *infra*.

The Cernys cannot prove the third and final theory of nuisance because PXP's oil and gas operations are not abnormal or out of place, for at least two reasons. First, the Cernys entered into an oil and gas lease that expressly

12

authorized oil and gas activities on and surrounding their property. CR 232-38. As a matter of law, the existence of the oil and gas lease precludes a finding that the complained of oil and gas operations are abnormal or out of place. *See Z.A.O., Inc. v. Yarbrough Drive Ctr. Joint Venture,* 50 S.W.3d 531, 543 (Tex. App. – El Paso 2001, no pet.).

Second, separate and apart from the lease, PXP's activities are certainly not out of place in Karnes County, Texas, which is one of the largest oil and gas producers in the United States. *See* CR 204 (Marathon requesting the trial court to take judicial notice of that fact in connection with its summary judgment motion). Thus, Plaintiffs failed to submit sufficient evidence to support any of the elements of their private nuisance cause of action.

**B.    Plaintiffs did not submit legally sufficient evidence on their negligence claim against PXP.**

To survive a no-evidence motion for summary judgment on a negligence claim, a plaintiff is required to present legally sufficient evidence that (1) defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach of the duty was the proximate cause of the plaintiff's injuries. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). PXP moved the trial court to grant summary judgment on this claim because there was no evidence of elements 1-3. CR 343-44. In addition to lacking competent evidence of

13

2485742.1

causation (*see* Section I, *supra*), Plaintiffs also failed to present evidence that (1) PXP owed them a duty, and (2) breached that duty. Plaintiffs' failure to present such evidence to the trial court serves as additional grounds for affirming the judgment below.

**C.      There is no evidence in the record supporting Plaintiffs' gross negligence claim against PXP.**

Similar to their negligence claim, Plaintiffs' gross negligence claim fails on no-evidence grounds.

First, gross negligence presupposes legally sufficient evidence of ordinary negligence, which Plaintiffs did not present to the trial court. *See* Sections I and II.B, *supra*; *Trevino v. Lighting Lay Down, Inc.*, 782 S.W.2d 946, 949 (Tex. App. – Austin 1990, no writ).

Second, PXP asserted no-evidence challenges to both the objective and subjective prongs of the gross negligence test. CR 344-45. Specifically, Plaintiffs were required to present legally sufficient evidence that PXP's acts or omissions (1) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, concerning the probability and magnitude of the potential harm to others; and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. *See Diamond*

14

*Shamrock Ref. Co. v. Hall*, 168 S.W.3d 164, 171-72 (Tex. 2005); *Dillard Dep't.*
*Stores, Inc. v. Silva*, 148 S.W.3d 370, 374 (Tex. 2004). It is the defendant's
"mental attitude" that "elevates" negligence to gross negligence. *Trevino*, 782
S.W.2d at 949.

Evidence of simple negligence is not enough to prove either prong of gross
negligence. *Hall,* 168 S.W.3d at 171-72. As for the objective prong, "extreme
risk . . . means not a remote possibility of injury or even a high probability of
minor harm, but rather the likelihood of serious injury to the plaintiff." *Dillard*
*Dep't Stores, Inc. v. Silva,* 148 S.W.3d 370, 374 (Tex. 2004). The subjective
prong requires that "the defendant knew about the peril, but its acts or omissions
demonstrated that it did not care." *Id.* (citations omitted); *see also Diamond*
*Shamrock,* 168 S.W.3d at 173 ("What separates ordinary negligence from gross
negligence is the defendant's state of mind; in other words, the plaintiff must
show that the defendant knew about the peril, but his acts or omissions
demonstrate that he did not care") (citations omitted).

Under the no evidence summary judgment standard, the party with the
burden at trial will have *the same burden of proof* in a summary judgment
proceeding. *See Reid v. Compass Group USA, Inc.,* 172 S.W.3d 203, 205 (Tex.
App. – El Paso 2005, no pet.). As such, Plaintiffs had the burden to submit
*clear and convincing* evidence of each element of their gross negligence claim.

2485742.1

*See* Tex. Civ. Prac. & Rem. Code § 41.003(b). Evidence is "clear and convincing" if it "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.;* Tex. Civ. Prac. & Rem. Code § 41.001(2).

Plaintiffs have no evidence of either prong of the gross negligence test. There is no evidence that PXP's lawful operation of its facilities in compliance with applicable regulations created an "extreme risk" of injury to anyone. Moreover, there is no evidence that PXP disregarded any known risk. For these reasons, the Court should affirm the judgment in favor of PXP on Plaintiffs' gross negligence claim.

### D. Plaintiffs have no evidence to support their claim for negligence *per se* against PXP.

In addition to its causation challenge, PXP moved for summary judgment on Plaintiffs' claim for negligence *per se* because (1) there was no evidence that PXP violated any of the statutes or rules cited by Plaintiffs in their petition, and (2) as a matter of law, even if there was such evidence, no Texas court has determined that a violation of either statute gives rise to negligence *per se* liability. CR 345-46. Plaintiffs did not present any evidence to rebut PXP's challenges. Notably, Plaintiffs did not present evidence that any ***actual*** hydrocarbon emissions from a PXP facility were discharged into the atmosphere and migrated to Plaintiffs'

16

property. *See* Section I, *supra*.

Additionally, the Cernys failed to demonstrate that (1) they belong to the class of persons that the statute was designed to protect, and their injuries are of the type that the statute was designed to prevent; (2) the statute is one for which tort liability may be imposed when violated; (3) PXP violated the statute without excuse; and (4) PXP's acts or omissions proximately caused their alleged injuries. *Perry v. S.N.,* 973 S.W.2d 301, 305-06 (Tex. 1998). The Cernys did not satisfy any of these four elements. The Cernys never claimed that the statutes they identified gave rise to tort liability, much less cite any authority to that effect. *See* Appellants' Brief, pp. 12-14. Further, the Plaintiffs make only a conclusory statement that their injuries fall within aim of the statutes. *Id.* at 12-13. Finally, the Cernys cannot prove that PXP violated any statute or that PXP's alleged violation proximately caused their injuries for the reasons stated in Section I, *supra*.

**III.** **In addition, the trial court properly granted summary judgment in favor of PXP because, as a matter of law, the evidence conclusively established the lack of a causal nexus between any alleged act or omission by PXP and Plaintiffs' alleged injuries.**

Plaintiffs' failure to produce competent summary judgment evidence in support of the causation element of their causes of action is underscored by the testimony of Plaintiffs' very own retained expert witnesses. Plaintiffs' experts

17

admitted there is no evidence that hydrocarbon emissions from PXP's facilities migrated several miles to Plaintiffs' home and caused Plaintiffs' alleged injuries. The testimony of Plaintiffs' experts, along with the unrebutted testimony of a board certified physician that Plaintiffs' various medical problems pre-eisted the oilfield activities at issue, affirmatively proved the lack of causation. Based on such evidence, the trial court properly granted PXP's motion for summary judgment.

## A. Traditional summary judgment standard of review

When a party moves for summary judgment based on the summary judgment evidence, the trial court must grant the motion when the evidence, as a matter of law, disproves the facts of at least one element of the non-movant's claims. *See e.g., Park Place Hospital v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995) (holding summary judgment was proper where defendant used the testimony of plaintiff's own expert to disprove causation as a matter of law); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471-72 (Tex. 1991) (causation disproved as a matter of law).

"[T]he question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one

18

or more of the essential elements of the plaintiff's cause of action." *Jacoby v. Hinojosa*, No. 04-06-00507-CV, 2008 WL 80002 at *1 (Tex. App. – San Antonio 2008, no pet.) (quoting *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970)).

## B. Plaintiffs' retained experts conceded the lack of causation evidence as to PXP.

Plaintiffs designated three experts to opine about causation issues: two air modelling experts and a toxicologist. All three conceded there is no evidence that hydrocarbons emitted from PXP's facilities migrated to Plaintiffs' property and caused Plaintiffs' alleged injuries.

Plaintiffs' air modelling experts both admitted during their depositions that they could not testify hydrocarbon emissions from the Love-Crews CPF, the Kotara-Ridley CPF, or the Drip Station actually migrated to Plaintiffs' property. PXP deposed Plaintiffs' air modelling expert David Mitchell, Ph.D., on April 22, 2014. CR at 367. Dr. Mitchell did not model emissions from any PXP facility and testified he could not even identify a PXP facility. *Id*. at 369-70. Rather, he modelled emissions from several "pseudo-point sources," which are not actual emissions from any PXP facility. *Id*. at 368. PXP asked Dr. Mitchell, "Is the purpose of your report to opine that any hydrocarbon emissions from a specific PXP well or facility has migrated to [ ] Plaintiffs' property?" *Id*. at 371. He

19

responded, "No." *Id*.

PXP deposed Plaintiffs' second air modelling expert, Keith Zimmerman, on May 14, 2014. CR 358. Mr. Zimmerman modeled the permitted (**not the actual**) emission levels from five facilities operated by Marathon, and only one facility operated by PXP, *i.e.,* the Love-Crews CPF located **4.1 miles** from Plaintiffs' home. *Id*. at 359-62. He did not model permitted (or actual) emissions from the Kotara-Ridley CPF or the Drip Station. *See id*.

Mr. Zimmerman testified the permitted emissions (not actual emissions) modelled from the Love-Crews CPF did not reach the Plaintiffs' home:

Q. And does this show that -- any of the alleged emissions or [dispersion] from the Love facility actually reaching the Cerny residence?

A. Again, it shows very low concentrations from the Love facility.

Q. And none of them actually reached the Cerny residence, correct?

A. You can't really tell from this, but it is not likely.

\* \* \*

Q. Can you look through any of [the figures in your report] and do any of those show that the alleged emissions from the Love facility are actually reaching the Cerny residence by looking at the contra line?

A. I would say that it is not reaching the Cerny residence in any appreciable concentration.

*Id.* at 363.

20

PXP also deposed Plaintiffs' designated toxicologist, Thomas Dydek, Ph.D. Dr. Dydek admitted there was a lack of evidence causally linking actual emissions from PXP's facilities to Plaintiffs' alleged injuries. CR 351 (Q. "Is it your opinion to a reasonable degree of toxicological certainty that the symptoms complained of by the Cernys have been caused by the emissions of the Defendants?" A. "If you're limiting it just to cause, I would say no."). Dr. Dydek also testified he had not reviewed the Plaintiffs' medical records (CR 352), and he was unaware of any act or omission by PXP that caused or contributed to Plaintiffs' alleged injuries:

> Q    Are you aware of any TCEQ investigation into any well or facility operated by PXP within a two-mile radius of the Cerny home?
>
> A.    I don't know one way or the other.
>
> * * *
>
> Q.    Are you aware, as you sit here today, of any leak from any equipment, well, or facility operated by PXP within a two-mile radius of the Cerny home?
>
> A.    No.
>
> Q.    Are you aware of any upset condition related to any PXP well or facility within two miles of the Cerny home?
>
> A.    I have no evidence to that one way or the other.
>
> Q.    Are you aware of any emissions from any PXP well or facility in excess of the permitted levels within a two-mile radius of the Cerny home?

21

A.    Same answer:  I'm not aware of any.

Q.    If I re-asked you all of those questions and if I expanded two-mile radius to three-mile radius, would your answer be the same?

A.    Yes, sir.

CR 353-54.

## C.    The unrebutted medical expert testimony confirmed the lack of causation.

PXP and Marathon retained a physician board certified in occupational medicine to provide expert opinions regarding the cause of Plaintiffs' alleged injuries.  Dr. J.D. Britton, M.P.H. offered the following opinions in an affidavit Plaintiffs failed to rebut in response to PXP's motion for summary judgment:

- Plaintiffs' health complaints pre-existed any oil or gas activities in the vicinity of their home (CR 375-84, Affidavit of Dr. J.D. Britton, M.P.H. at ¶¶ 6,  10, and 15);

- Plaintiffs' health complaints were not caused by the oil and gas activities in the vicinity of their home, nor by the emissions or other conduct alleged in Plaintiffs' petition (*Id.*);

- Plaintiffs have failed to provide any epidemiological studies, nor have their treating physicians mentioned or relied upon any such studies, demonstrating that the alleged emissions and other oil and gas activities present a statistically significant doubling of the risk of the health issues about which they complain (*Id.* at ¶¶ 7, 11, and 16).

Plaintiffs did not submit evidence from a retained doctor, nor from any of their numerous treating physicians, to rebut Dr. Britton.  As a result, Dr. Britton's

22

unrebutted testimony is more than sufficient to negate the causation element of Plaintiffs' claims.

**D. The evidence conclusively established the lack of a causal link between actual emissions from PXP's facilities and the Plaintiffs' alleged injuries.**

Based on the deposition testimony of Plaintiffs' experts and the unrebutted opinions of Dr. Britton, the summary judgment proof established as a matter of law that there is no genuine issue of fact as to the causation element of Plaintiffs' claims against PXP. All of the foregoing experts acknowledged Plaintiffs' lack of evidence showing hydrocarbon emissions from a PXP facility migrated to Plaintiffs' property and caused their injuries. Such admissions not only accentuate Plaintiffs' lack of competent evidence to defeat PXP's no-evidence challenge to Plaintiffs' claims, but importantly, the experts' testimony affirmatively established lack of causation as a matter of law. For this additional reason, the Court should affirm the judgment in favor of PXP.

In any event, the Cernys waived any argument that they submitted sufficient causation proof by inadequate briefing in this Court. Their causation argument consists of the conclusory assertions that "the testimony of the Cernys" and "other evidence" are "sufficient to show that they smelled foul orders from chemicals that were serious enough to constitute a nuisance, that they suffered from symptoms that were caused by the chemicals, and that the chemicals came from the Marathon

23

and PXP facilities." *See* Appellants' Brief, p. 16. The Cernys then cite to one of their appendices, apparently assuming the Court will take on the burden of sifting through their evidence and making their arguments for them. *Id.* Accordingly, the Cernys have waived their causation argument by failing to adequately brief it. *See Marin Real Estate Partners, LP v. Vogt*, 373 S.W.3d 57, 75 (Tex. App. – San Antonio 2011, no pet.) ("Marin's brief failed to meet the basic requirements of a clear and concise argument containing substantive analysis. Rather, the brief contains three conclusory statements . . . . Martin has therefore waived this portion of issue two due to inadequate briefing.").

## IV. The trial court properly sustained PXP's objections to certain purported summary judgment evidence submitted by Plaintiffs.

Marathon filed a motion to strike some of Plaintiffs' summary judgment evidence. CR 1033-46. PXP joined Marathon's motion and separately moved to strike certain additional portions of Plaintiffs' summary judgment evidence. CR 1073-76. The trial court granted both Marathon's and PXP's motions. CR 1078 and 1080. The trial court did not abuse its discretion in sustaining PXP's objections and striking certain purported "evidence" submitted by Plaintiffs in response to PXP's motion for summary judgment.

### A. The standard of review

A trial court's rulings on objections to summary judgment evidence are

2485742.1

reviewed under an abuse of discretion standard. *PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 732 (Tex. App. – San Antonio 2014, pet. filed) (internal citations omitted). "A trial court abuses its discretion if it acts without reference to any guiding rules or principles." *Id.* "Merely because a trial court may decide a discretionary matter differently than the appellate court does not demonstrate an abuse of discretion." *In re Estate of Denman*, 362 S.W.3d 134, 141 (Tex. App. – San Antonio 2011, no pet.) "To obtain reversal for an erroneous exclusion or admission of evidence, the appellant must establish the error was harmful, that is, it was calculated to cause and probably did cause the rendition of an improper judgment." *Id.* "Errors in admission or exclusion of evidence are generally not reversible unless the appellant can show the whole case turns on the complained of evidence." *Id.*

**B. Plaintiffs waived their arguments that the trial court erred by sustaining PXP's objections to Plaintiffs' summary judgment evidence.**

It is fundamental that "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that … the complaint was made to the trial court by a timely request, objection, or motion . . . ." Tex. R. App. P. 33.1; *see also*, *Loewe v. Commons at Willowbrook, Inc.*, No. 14-07-00265-CV, 2008 WL 5220295, at *3 (Tex. App. – Houston [14th Dist.] Dec. 11, 2008, no pet.).

Here, the record reflects Plaintiffs did not file a response to PXP's motion to

25

strike; did not object in the trial court to the striking of their summary judgment evidence; and did not request the trial court reconsider its ruling. By failing to object in the trial court, Plaintiffs have waived the right to complain on appeal about the trial court's ruling. *See id.* (holding appellant waived complaint on appeal by failing to file any response to defendant's motion to strike, failing to object to the trial court's ruling, or failing to request the trial court reconsider its decision); *Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 499 (Tex. App. – Houston [14th Dist.] 2004, pet. denied) (same); *Inglish v. Prudential Ins. Co.*, 928 S.W.2d 702, 705 (Tex. App. –Houston [1st Dist.] 1996, writ denied) (holding that because appellants never requested an opportunity to amend their summary judgment responses, appellants could not complain on appeal of the trial court's ruling sustaining objections and special exceptions to their affidavit); *Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 878 (Tex. App. – Dallas 1990, no writ) (holding appellant waived issue on appeal by not objecting to, or protesting, the motion to strike before the trial court).

### C. The trial court properly sustained PXP's objections to Michael and Myra Cerny's affidavits.

Even assuming Plaintiffs did not waive the right to challenge the trial court's rulings on their evidence, Judge Saxon did not abuse her discretion in excluding Plaintiffs' affidavits. Plaintiffs Myra Cerny and Michael Cerny each submitted

26

affidavits in opposition to PXP's motion for summary judgment in an effort to provide some causation proof. Plaintiffs' affidavits each stated:

> The wind usually blows from the south in the area where we live. During those south winds we often would smell a strong smell that either caused or worsened many of our symptoms. I got on my motorcycle and decided to head south to see where that smell was coming from. I drove and found Plains Exploration and Production Company's Kotara Ridley/Love Crews Drip Station almost directly to the south of our property. The place smelled terrible. From that day forward, we named it "Stinkyville", (sic) and we regularly smell its odors during southerly winds.

CR 508-9; 511-12.

PXP moved to strike the affidavit testimony quoted above on two grounds. CR 1073-74. First, PXP objected because expert testimony is required to establish the causation element of Plaintiffs' causes of action, *i.e.,* whether hydrocarbons emanated from PXP's facilities, migrated onto Plaintiffs' property, and caused Plaintiffs' alleged injuries. *See Emmett Properties*, 167 S.W.3d at 373; *Garza*, 347 S.W.3d at 265-66. Mr. and Mrs. Cerny are not qualified to testify as to causation in this regard.

Second, PXP objected that the foregoing testimony is conclusory and inadmissible for purposes of proving causation. Conclusory statements are not competent summary judgment evidence. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). A conclusory statement is one that does not provide

27

underlying facts to support a conclusion. *Garner v. Long*, 106 S.W.3d 260, 267 (Tex. App. – Fort Worth 2003, no pet.). Moreover, the mere conclusion or opinion of a lay witness is not competent summary judgment proof on issues that require expert testimony. *See e.g.*, *Garza v. Levin*, 769 S.W.2d 644, 646 (Tex. App. – Corpus Christi 1989, writ denied) (medical conclusions of lay witness not competent evidence for purpose of controverting expert opinion evidence). Plaintiffs' affidavit testimony does not qualify as probative evidence of causation. It is merely speculation and conjecture of lay persons. *Emmett Properties*, 167 S.W.3d at 373.

The trial court acted well within its discretion in sustaining PXP's objections. Numerous wells and facilities surround Plaintiffs' property. The closest PXP facility to Plaintiffs' property is the Drip Station, which is 1.46 miles away. Plaintiffs' lay opinions regarding the Drip Station are wholly conclusory and without any basis in fact. As a result, the Court properly sustained PXP's objections and struck the referenced portions of Plaintiffs' affidavits.

**D.** **The trial court properly sustained PXP's objections to the affidavit of Sharon Wilson.**

Plaintiffs also offered the affidavit of Sharon Wilson as purported summary judgment evidence of causation. CR 517-18. Ms. Wilson is not an expert and does not qualify as an expert to opine whether hydrocarbons emanated from a PXP

28

facility, migrated to Plaintiffs' property, and caused Plaintiffs' alleged injuries. Accordingly, PXP objected pursuant to Texas Rule of Evidence 701, and requested Ms. Wilson's testimony be struck.  CR 1035-36; 1073-74.

Ms. Wilson's affidavit states she took an air sample near PXP's Drip Station (1.46 miles from Plaintiffs' property) with a Summa Canister.  CR 517-18.  She did not explain or describe anything more, including what a Summa Canister is or the methodology for taking or analyzing the alleged air sample.  *Id*.  Ms. Wilson then attempted to bridge the logical abyss to show hydrocarbons from the Drip Station migrated 1.46 miles to Plaintiffs' home by stating "6 of the [alleged 13] hazardous substances found at the PXP [D]rip [S]tation were also found on the Cerny property" after Ms. Wilson had placed a "12-hour canister" outside the Plaintiffs' home. *Id*.  Ms. Wilson did not, however, purport to opine that the hydrocarbons allegedly present at the Cernys' home were from the Drip Station. *Id.*

Mr. Wilson's affidavit is nothing more than rank speculation by an unqualified lay witness.  Experts must be qualified, and the party offering an expert's opinion has the burden to show such qualifications. *ITT Commercial Fin. Corp. v. Riehn*, 796 S.W.2d 248, 250 (Tex. App.—Dallas 1990, no writ); *see also E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 556 (Tex. 1995) (setting forth trial court's gatekeeping function with regard to experts).  Plaintiffs

29

2485742.1

failed to satisfy this burden, and the trial court acted within its discretion to strike Ms. Wilson's affidavit.

Moreover, even if Ms. Wilson's affidavit should not have been struck and she was somehow indeed qualified to render an expert opinion on the migration of hydrocarbons over several miles or the cause of Plaintiffs' injuries, her opinion does nothing of the sort. An expert's testimony must be both relevant to the issues and based on a reliable foundation. *Robinson*, 923 S.W.2d at 556. An expert's failure to rule out other causes of the damage renders her opinion little more than speculation, and therefore, unreliable and constituting no-evidence. *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 720 (Tex.1997) ("[I]f there are other plausible causes of the injury or condition that could be negated, the plaintiff must offer evidence excluding those causes with reasonable certainty."); *Robinson*, 923 S.W.2d at 559 ("An expert who is trying to find a cause of something should carefully consider alternative causes."); *Hess v. McLean Feedyard, Inc*., 59 S.W.3d 679, 687 (Tex. App. – Amarillo 2000, pet. denied) ("[A]n expert should carefully consider and rule out alternative causes, and the failure to rule out other causes results in speculation and conjecture and amounts to no evidence of causation."); *Purina Mills, Inc. v. Odell*, 948 S.W.2d 927, 934 (Tex. App. – Texarkana 1997, pet. denied) (analyzing expert testimony under Robinson factors and concluding testimony unreliable when experts failed to exclude other potential causes).

30

Ms. Wilson's averment that her air sampling at Plaintiffs' home revealed six out of the same thirteen "hazardous substances" also found at PXP's Drip Station is not competent evidence of causation in support of Plaintiffs' claims. *See Emmett Properties*, 167 S.W.3d at 373-74 (quoting *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 446 (Tex. App. – Fort Worth 1997, pet denied) ("An expert who is trying to find the cause of something should carefully consider and rule out alternative causes. The expert's failure to rule out other causes of the presence of hydrogen sulfide in [plaintiffs'] water renders his opinion little more than speculation. Mere guess or conjecture is not probative evidence."); *see also Martinez*, 40 S.W.3d at 595 (wherein the San Antonio Court of Appeals held the plaintiffs' expert testimony constituted no evidence the defendant caused the plaintiffs' injuries because the expert failed to rule out alternative sources of lead contamination in arriving at his conclusion); *Weiss v. Mechanical Associated Servs., Inc.*, 989 S.W.2d 120, 125–26 (Tex. App. – San Antonio 1999, pet. denied) (holding expert testimony properly struck when experts were unable to rule out other potential causes of the plaintiff's illness with reasonable certainty). The trial court accordingly acted within its discretion by striking Ms. Wilson's conclusory lay opinion.

**E. The trial court properly sustained PXP's objections to Plaintiffs' improper attempt to submit unsworn expert reports as summary judgment evidence.**

31

Plaintiffs submitted as purported summary judgment evidence unsworn copies of reports prepared by their various experts. CR 532-93; 595-623; 630-60; 662-92; 694-718; 724-30; and 732-35. These reports were not sworn, verified under oath, nor contained in affidavit form similar to the properly sworn Affidavit of Dr. J.D. Britton, M.P.H. (CR 375-84) submitted by PXP as Exhibit 4 to its motion for summary judgment. Accordingly, PXP objected to the unsworn reports of Plaintiffs' experts as inadmissible hearsay under Texas Rule of Evidence 802. CR 1036-39; 1073-74.

An expert witness's unsworn statement is mere hearsay and is not competent summary judgment evidence. *See Easter v. Mutual of Omaha Ins. Co.*, 535 S.W.2d 700, 703 (Tex. App. – El Paso 1976, no writ) (holding that "the unsworn report of the doctor was merely hearsay and incompetent [summary judgment evidence]"). Documents submitted as summary judgment proof must be sworn to or certified. *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App. – San Antonio 1997, pet. denied) (citing TEX. R. CIV. P. 166a(f)). "Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence." *Id*. Accordingly, the trial court acted within its discretion and properly excluded the unsworn reports of Plaintiffs' experts on hearsay grounds.

32

**ADOPTION OF MARATHON'S BRIEF**

Pursuant to Texas Rule of Appellate Procedure 9.7, PXP hereby adopts by reference the entirety of the Brief of Appellees Marathon Oil Corporation and Marathon Oil EF LLC filed on February 23, 2015.

**PRAYER**

PXP respectfully requests that the Court affirm the final summary judgment in its favor in all respects. PXP further requests all relief to which it may be justly entitled.

Respectfully submitted,

GRAY REED & McGRAW, P.C.

By   /s/ James J. Ormiston
       James J. Ormiston
       Texas Bar No. 15307500
       jormiston@grayreed.com
       Michael A. Ackal, III
       Texas Bar No. 24045367
       mackal@grayreed.com
       1300 Post Oak Blvd.
       Suite 2000
       Houston, TX 77056
       (713) 986-7000
       (713) 986-7100 (Fax)

ATTORNEYS FOR APPELLEE
PLAINS EXPLORATION &
PRODUCTION COMPANY

33

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 7,299 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ James J. Ormiston
James J. Ormiston

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly furnished to the following counsel of record via certified mail, return receipt requested on this 23rd day of February, 2015:

Tomas Ramirez, III
217 W. Hondo Avenue, Suite 200
Devine, Texas  78016

David D. Towler
P.O. Box 569
410 Collins
San Diego, Texas  78384

William K. Kroger
Macey Reasoner Stokes
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas  77002-4995

Ricardo G. Cedillo
Les J. Streiber, III
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry, Suite 500
San Antonio, Texas  78212

/s/ James J. Ormiston
James J. Ormiston

34

2485742.1